IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

CIVIL NO. 3:23-cv-00142

| SOPHIA WILANSKY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| PAUL D. BAKKE, in his personal capacity; THOMAS M. GROSZ, in his personal capacity; MATTHEW J. HANSON, in his personal capacity; MICHAEL W. HINRICHS, in his personal capacity; TRAVIS A. NELSON, in his personal capacity; JOSHUA W. RODE, in his personal capacity; EVAN M. SAVAGEAU, in his personal capacity; TRAVIS M. SKAR, in his personal capacity; GLEN G. TERNES, in his personal capacity; JUSTIN W. WHITE, in his personal capacity; DEREK J. ARNDT, in his personal capacity; KYLE KIRCHMEIER, in his official capacity; and MORTON COUNTY, NORTH DAKOTA, | ) |
| Defendants. | ) |

**CITY AND COUNTY DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**

\*\*\*　　　\*\*\*　　　\*\*\*

Pursuant to Rule 7.1(A) of the Local Rules of the United States District Court for the District of North Dakota and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Morton County, Kyle Kirchmeier, in his official capacity only, Thomas M. Grosz, Matthew J. Hanson, Glen G. Ternes, and Justin White, all in their personal capacities, (collectively "City and County Defendants") request Plaintiff's *First Amended Complaint* (doc. 14) be dismissed as against ALL Defendants, in its entirety, with prejudice.

Plaintiff has failed to allege any named-Defendant "seized" her in the context of the Fourth

1

Amendment, and has also failed to allege facts to establish any force allegedly applied against her by any individual Defendant was unreasonable. Plaintiff's Fourteenth Amendment excessive force claim fails as a matter of law as the challenged force at issue was related to a legitimate object of the individual Defendants' employment as law enforcement officers, and therefore fails to satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation. Even assuming, arguendo, facts establishing a "seizure" have been alleged, and that any force utilized was excessive, all individual Defendants are entitled to qualified immunity as the law was not clearly established as of November 21, 2016 that the alleged conduct of each individual Defendant violated Plaintiff's constitutional rights. Absent an underlying constitutional violation, Plaintiff's derivative failure to intervene and conspiracy claims fail. Plaintiff's claim Defendants were engaged in a conspiracy to violate her federal constitutional rights further fails as a claim of conspiracy under § 1983 does not apply between a government entity and its own agents under the "intracorporate conspiracy doctrine". Plaintiff also fails to allege sufficient facts to support her failure to intervene and conspiracy claims as to any Defendant. Plaintiff's *Monell* claim fails for lack of an underlying constitutional violation, and for lack of alleged facts to support such claim.

City and County Defendants also move to strike, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff's allegations in paragraphs 204 through 216 of her *First Amended Complaint* pertaining to Defendant Kirchmeier's alleged concealment of Defendants' alleged responsibility for Plaintiff's injury, and defamation of Plaintiff as lacking relevance to any cause of action alleged, being impertinent, and as containing scandalous allegations. This Court previously dismissed, with prejudice, nearly identical allegations and Plaintiff's associated defamation claim against Sheriff Kirchmeier and others in the companion case, namely *Wilansky*

*v. Morton County et. al.*, Case No. 1:18-cv-00236, United States District Court for the District of North Dakota.

This motion is based upon all of the files, records, and proceedings herein, including, among other things, the memorandum of law submitted in support of this motion.

Dated this 30th day of October, 2023.

BAKKE GRINOLDS WIEDERHOLT

By:   */s/Shawn A. Grinolds*
     Randall J. Bakke (#03898)
     Shawn A. Grinolds (#05407)
     Special Assistant State's Attorneys for Morton County
     300 West Century Avenue
     P.O. Box 4247
     Bismarck, ND 58502-4247
     (701) 751-8188
     rbakke@bgwattorneys.com
     sgrinolds@bgwattorneys.com

     Attorneys for Defendants Morton County, Kyle Kirchmeier, Thomas Grosz, Matthew Hanson, Glen Ternes, Justin White

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30th, 2023, a true and correct copy of the foregoing **CITY AND COUNTY DEFENDANTS' MOTION TO DISMISS AND TO STRIKE** was filed electronically with the Clerk of Court through ECF.

Benjamin M. Stoll
Carlton Fields
1025 Thomas Jefferson Street NW
Suite 400 West
Washington, DC 20007-5208
(202) 965-8160
bstoll@carltonfields.com

Edward C. Barnidge
Williams & Connolly LLP
680 Main Avenue Southwest

Washington, DC 20024
ebarnidge@wc.com

Lauren C. Regan
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, OR 97401
lregan@cldc.org

Courtney R. Titus
Assistant Attorney General
Office of Attorney General
500 North 9th Street
Bismarck, ND  58501-4509
(701) 328-3640
ctitus@nd.gov

Jane G. Sportiello
Assistant Attorney General
Office of Attorney General
500 North 9th Street
Bismarck, ND  58501-4509
(701) 328-3640
jsportiello@nd.gov

By: */s/ Shawn A. Grinolds*
SHAWN A. GRINOLDS