IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sophia Wilansky,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Paul D. Bakke, in his personal capacity;<br>Thomas M. Grosz, in his personal capacity;<br>Matthew J. Hanson, in his personal capacity;<br>Michael W. Hinrichs, in his personal capacity;<br>Travis A. Nelson, in his personal capacity;<br>Joshua W. Rode, in his personal capacity;<br>Evan M. Savageau, in his personal capacity;<br>Travis M. Skar, in his personal capacity;<br>Glen G. Ternes, in his personal capacity;<br>Justin W. White, in his personal capacity;<br>Derek J. Arndt, in his personal capacity;<br>Kyle Kirchmeier, in his official capacity; and<br>Morton County, North Dakota,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:23-cv-00142 |

## ORDER GRANTING MOTIONS TO DISMISS

### INTRODUCTION

[¶1]　THIS MATTER comes before the Court upon a Motion to Dismiss and Motion to Strike Amended Complaint filed by Defendants Thomas M. Grosz, Matthew J. Hanson, Kyle Kirchmeier ("Sheriff Kirchmeier"), Morton County, North Dakota, Glen G. Ternes, and Justin W. White (collectively, "City and County Defendants") on October 30, 2023. Doc. No. 20.　Defendants Derek J. Arndt, Paul D. Bakke, Michael W. Hinrichs, Travis A. Nelson, Joshua W. Rode, Evan M. Savageau, and Travis M. Skar (collectively, "State Defendants") also filed a Motion to Dismiss the Amended Complaint on October 30, 2023. Doc. No. 23.

- 1 -

Plaintiff Sophia Wilansky ("Wilansky") filed a consolidated Response on December 15, 2023. Defendants filed Replies on January 12, 2024. Doc. Nos. 34, 35. For the reasons set forth below, the Motions to Dismiss are **GRANTED** and the Motion to Strike is **MOOT**.

## DISCUSSION

[¶2]    This case arises out of the exact same facts and circumstances alleged in Wilansky v. Morton County et al., Case No. 1:18-cv-236. This case follows Wilansky's claims against the above-captioned Defendants roles in the response to the events that occurred in the late evening hours of November 20, 2016 to the early morning hours of November 21, 2016, that ultimately led to Wilansky suffering severe injuries to her arm. The Court adopts the facts as stated in its Order in Case No. 1:18-cv-236 (Doc. No. 290) in its entirety as those facts directly relate to this case. This case involves the named Defendants' actions relating to getting Wilansky to leave the Backwater Bridge ("Bridge") and the burned-out vehicle in the early morning hours of November 21, 2016. See Doc. No. 14, ¶ 151 (Defendant Ternes issued to command to leave the burned-out vehicle); ¶¶ 154-57 (Defendants Arndt Hanson, Skar, and White shot several less-lethal munitions at Wilansky when she refused to comply with the order); 166-67 (noting Defendants Skar, Hinirch, Rode, Arndt, and Grosz moved for a better line of sight when Wilansky remained at the burned-out vehicle behind a sheet of metal); ¶ 175 (indicating Defendant Arndt hit Wilansky with a less-lethal munition); ¶¶ 180-185 (noting Defendants Arndt, Hanson, and White continued to shoot at Wilansky as she ran away from the barricade). There are no specific allegations against Defendants Bakke, Nelson, and Savageau, but the Amended Complaint indicates each of the individually-named Defendants were present at the time of the incident and aware she was retreating and not resisting. Id. at ¶ 186.

[¶3]    The Amended Complaint alleges three claims: (1) Fourth Amendment Excessive Force under 42 U.S.C. § 1983 against the individually named defendants; (2) Fourteenth Amendment Excessive Force under 42 U.S.C. § 1983 against the individually named Defendants; and (3) Monell violations under 42 U.S.C. § 1983 against Sheriff Kirchmeier and Morton County. The Court adopts the same reasoning as stated in Case No. 1:18-cv-236 (Doc. No. 290) to grant the Defendants' Motions to Dismiss here.

[¶4]    Just as in Case No. 1:18-cv-236, the facts and circumstances of this case show the officers intent in this case was to get Wilansky to leave the burned-out vehicle and the Bridge area. This shows Wilansky was not seized under the circumstances alleged here. See Torres v. Madrid, 592 U.S. 306, 325 (2021) (seizure by force requires an intent to restrain); id. at 317 (seizure by acquisition of control requires physical control of the suspect as the goal of the arresting officer). Without a seizure, there is no Fourth Amendment violation for excessive force. Dundon v. Kirchmeier, 85 F.4th 1250, 1255 (8th Cir. 2023) ("To establish a Fourth Amendment violation, the claimant must demonstrate that a seizure occurred and that seizure was unreasonable."). Even if a seizure occurred, the use of force to disperse an individual from an area was not clearly established in November 2016 to constitute a seizure. Id. at 1257 ("[I]t was not clearly established as of November 2016 that the use of force to disperse a crowd was a seizure."). Accordingly, the individually-named Defendants are entitled to qualified immunity on Claim One of the Amended Complaint. See Jones v. McNeese, 675 F.3d 1158, 1161 (8th Cir. 2012) (when deciding qualified immunity, the Court looks to (1) whether a constitutional violation has been adequately pled and (2) whether the right was clearly established at the time of the alleged violation). Accordingly, The Defendants Motions to Dismiss Claim One are **GRANTED** for the same reasons articulated in Case No. 1:18-cv-236, Doc. No. 290.

- 4 -

[¶5]   As for the Fourteenth Amendment Excessive Force and <u>Monel</u> violations claims against Morton County and Sheriff Kirchmeier, these were previously dismissed with prejudice in Case No. 1:18-cv-236. (Doc. No. 46, ¶¶ 38-54, 77-91). These claims remain dismissed with prejudice and Wilansky is not permitted to reassert them here against the Defendants. Even if Wilansky were permitted to re-plead these claims, the Court would grant the Motions to Dismiss for the same reasons articulated in Case No. 1:18-cv-236, Doc. No. 46 at ¶¶ 38-54, 77-91. <u>See</u> <u>also</u> Doc. No. 290 at ¶¶ 29-30 (dismissing virtually identical claims for the same reason articulated here). Accordingly, the Defendants' Motions to Dismiss Claims Two and Three are **GRANTED**.

## CONCLUSION

[¶6]   For the reasons set forth above and those articulated in Case No. 1:18-cv-236, Doc. Nos. 46, 290, the Defendants' Motions to Dismiss are **GRANTED**. The Amended Complaint is **DISMISSED with prejudice**. Because this Order dismisses the Amended Complaint with prejudice, the City and County Defendants' Motion to Strike is **MOOT**.

[¶7]   **IT IS SO ORDERED**.

DATED April 3, 2024.

Daniel M. Traynor, District Judge
United States District Court